FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT
<u>UNDER TH  IVIL RIGHTS ACT, 42 U.S.(  § 1983</u>

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
_____DIVISION

FILED
U.S. DIST
EASTERN DIST

JAN 18 2000

JAMES W. McCORMACK, C
By:_____
DEP CI.

Ray Antwane Higgins

ADC#78620

_____

_____

(Enter above the full name of the
plaintiff, or plaintiffs, in this
action.)

v.

William R. Wilson Jr.,
Thomas M. Carpenter

CASE NO. 4:00CV00032 - GTE

_____

(Enter above the <u>full</u> name of
defendant or defendants, in
this action.)

This case assigned to District Judge Eisele
and to Magistrate Judge Jones

I.  Previous Lawsuits

   A.  Have you begun other lawsuits in state or federal court
       dealing with the same facts involved in this action?

       Yes ___✓___   No _____

   B.  If your answer to A is yes, describe each lawsuit  in
       the space below.  (If there is more than one  lawsuit,
       describe the additional lawsuits on  another piece  of
       paper, using the same outline.)

       1.  Parties to this lawsuit

           Plaintiffs: ___Ray Antwane Higgins_____

           _____

           Defendants: ___Little Rock Police Department_____

           _____

       2.  Court (if federal court, name the district; if state
           court, name the county: _____
           ___United States District Court, Eastern District Of Arkansas___

-1-

3.   Docket Number: ___LR-C-96-60___

4.   Name of judge to whom case was assigned: __William R. Wilson Jr.__

5.   Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?): __dismissed__

6.   Approximate date of filing lawsuit: __January 8, 1996__

7.   Approximate date of disposition: __June 23, 1997__

II.   Place of Present Confinement: __East Arkansas Regional Unit__
__P.O. Box 180, Brickeys Arkansas 72320__

III.  There is a prisoner grievance procedure in the Arkansas Department of Correction. **Failure to complete the grievance procedure may affect your case in federal court.**

A.   Did you present the facts relating to your complaint in the state prisoner grievance procedure?

Yes _____   No __✓__

B.   If your answer is YES, Attach copies evidencing completion of the final step of the grievance appeal procedure. **FAILURE TO ATTACH THE REQUIRED COPIES MAY RESULT IN THE DISMISSAL OF YOUR COMPLAINT.**

C.   If your answer is NO, explain why not: __Not Applicable__

_____

_____

IV.   Parties
(In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A.   Name of plaintiff: __Roy Antwane Higgins__

Address: __East Arkansas Regional Unit, P.O. Box 180, Brickeys Arkansas 72320__

Name of plaintiff: _____

Address: _____

Name of plaintiff: _____

Address: _____

-2-

(In item B below, place the <u>full</u> name of the defendant in the first blank, his official position in the second blank, his place of employment in the third blank, and his address in the fourth blank.)

Defendant: _William R. Wilson Jr_

Position : _United States District Court Judge_

Place of employment: _600 West Capitol, Suite 402_

Address: _Little Rock, AR. 72201_


Defendant: _Thomas M. Carpenter_

Position : _Office Of the City Attorney_

Place of employment: _Office Of the City Attorney_

Address: _500 West Markham, Ste 310, Little Rock, AR. 72201_


Defendant: _____

Position : _____

Place of employment: _____

Address: _____


Defendant: _____

Position : _____

Place of employment: _____

Address: _____


Defendant: _____

Position : _____

Place of employment: _____

Address: _____

-3-

V. Statement of Claim

State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

Both defendants denied the plaintiff adequate access to the Courts for rights guaranteed by the fourth and fourteenth Amendments by knowingly using favorable and unfavorable predisposition characterized by bias and prejudice springing from the facts and events occurring during pretrial motions, willful or misapplication of Court process not intended by law, and engaged in fraud or misrepresentation that prevented plaintiff from fully and fairly presenting his case. Plaintiff is suing both defendants in their individual and official capacity. Both defendants were acting under color of state

VI.   Relief

<u>State briefly exactly what you want the court to do for you.</u> Make no legal arguments. Cite no cases or statutes.

Declaratory Judgment in the form of rights between parties before litigation, Damages for mental distress and deprivation of due process, Injunctive relief for change of venue, Appointment of Counsel, Jury Trial, and Court Costs.

I declare under penalty of perjury (18 U. S. C. § 1621 that the foregoing is true and correct.

Executed on this ___13___ day of ___January___, ___2000___.

Ray Higgins ADC# 78620
Ray Higgins P.O. Box 180
Brickeys AR. 72320
Signature(s) of plaintiff(s)

-4-

Black plaintiff claim against certain police officers, City of Little Rock, Police Chief, and Little Rock Police Department, where complaint alleged joint activity by such officers in assaul plaintiff, and further charged those officers with conspiracy to cover up their actions, and f allegation was made that officers were motivated in their actions by racial discrimination. The complaint include alleged state law violations, and under 42 U.S.C. § 1981, 1983, 1985 (3) and 1986 for violations of his first, fourth, fifth, Eighth, and fourteenth Amendment as a result of case No. 95-1006-A.

Plaintiff alleges that prior to trial in case No. 95-1006, on August 17, 1995, a hearing was hel a motion in limine which was actually a motion to suppress evidence. At the conclusion of the hearin the State trial Judge John Langston ruled that the officers initial approach to plaintiff was no based upon probable cause, and the docket sheet further reflects that the case was dismis on the same date. The State did not appeal, thereby plaintiff cannot be retried.

On January 8, 1996, plaintiff filed his first 1983 action. On June 23, 1997, the U.S. Distric Court, Judge Wilson entered an order on April 26, 1996, dismissing Little Rock Police Dept, and Chief o Police without giving plaintiff opportunity to respond thereby prejudice plaintiff and denied plai procedural due process. See District Court Case No. LR-C-96-60.

On November 4, 1996, plaintiff filed pretrial motions seeking relief for production of document, continuance to allow preparation of case, appointment of counsel, and to amend his complaint. The motion t was filed on 11/22/96, defendants filed a response on December 5, 1996, requesting that these motions be gran

On December 9, 1996, Judge Wilson denied plaintiff's motion for continuance to allow for discovery o preparation of case and referred plaintiff's motion for appointment of counsel to Magistrate Judg Forster which Forster denied plaintiff's motion for appointment of counsel on February 24, 199

Plaintiff alleges that unforeseen obstacles prevented him from receiving notice to amend his complaint ordered by Judge Wilson on December 31, 1996, because on or about December 31, 1996, plaintiff was put in Jail preventing plaintiff from receiving the December 31, 1996 order.

On January 31, 1997, plaintiff's notice of change of address in accordance with Rule of the dist Court to notify the Court within thirty (30) days change in his address were complied under the plai unforeseen circumstances of his incarceration and with the Court's instructions to amend his complaint w ten (10) days of the filing of the order.

Plaintiff alleges that when he filed his motion to amend on November 22, 1996, plaintiff named the individual police officer's in the motion to amend to add them officers to his complaint.

Separate defendants City of Little Rock, response on February 18, 1997, requested that the Court grant a continuance if the Court grant plaintiff's motion to amend in order that all defendants and all issues be tried in one proceeding. Separate defendants City of Little Rock further filed a motion fo Continuance filed on February 18, 1997, requesting to the Court to grant plaintiff's motion to amend i order that trial of all defendants be held in one proceeding.

On February 24, 1997, Judge Wilson denied plaintiff's motion to amend filed on November 22, 1997, d plaintiff's failure to amend his complaint per the Court's December 31, 1996 order, and the Court denied plaintiff's renewed request to amend his complaint which plaintiff filed on February 18, 1997.

On February 25 and 27, 1997, the City responded to plaintiff's motion to suppress and compel discovery Plaintiff was requesting to compel the transcripts of statements so that he could dispute the City's affida and statement of undisputed facts. On February 27, 1997, Judge Wilson denied plaintiff's motion to c discoverable information pursuant to the Federal Rules of Civil Procedure, and the Judge mention in passing denial by saying he (plaintiff) may file a specific motion for reconsideration.

On February 25, 1997, the City defendants filed a pretrial conference information sheet.

The Court, Judge Wilson's letter/Order scheduled a non-jury trial in Little Rock, the week beginning June 30, 1997, at 9:a.m. This letter/Order was filed marked March 4, 1997.

The scheduling order filed May 17, 1996, setting non-jury trial for March 3, 1997, for the reason that the City defendants filed a motion for continuance on March 4, 1997, the same day of trial in which Judge Wilson granted on March 4, 1997, the City's motion for continuance. See Canon 3.

Plaintiff's motion for summary judgment filed February 18, 1997, was denied by Judge Wilson on March 18, 1997. See Canon 3.

Plaintiff filed his third (3) motion to amend on March 31, 1997, and on April 28, 1997, Judge Wilson denied with prejudice plaintiff's motion to amend complaint, denying plaintiff's motion to amend or vacate letter/Order of March 4, 1997, denying plaintiff's motion to compel discovery. See Canon 3

Plaintiff filed a motion for appointment of counsel on May 6, 1997, which Judge Wilson denied this request on May 19, 1997, and Judge Wilson denied request for jury trial on May 19, 1997.

Plaintiff alleges that in April 1997, the City defendants substituted counsel Thomas M. Carpenter in place of Robert L. Baker on April 25, 1997.

On June 23, 1997, Judge Wilson dismiss plaintiff's complaint No. LR-C-96-60, granting motion summary judgment by defendants Caudell and City of Little Rock, thereby wilfully misapplying court process to obtain object not intended by law.

An appeal was taken and the district Courts order was affirmed which lead to plaintiff's filing his complaint. The Court in plaintiff's appeal basically took issue with the fact that plaintiff did not respond the City's statement of undisputed facts because such facts had to be plead in order to continue. Plaintiff failure was fatal and summary judgment was appropriate.

Plaintiff filed a second complaint LR-C-97-967 on November 18, 1997. On March 10, 1998, Magistrate Judge Henry L. Jones, Jr., granted plaintiff's complaint in forma pauperis and forward a copy of the order back to district Judge William R. Wilson Jr, for approval. Approval granted, the district Court Judge referred the case back to the Magistrate Judge for pretrial motions and dispositions. On July 13-14, 1998, the defendants filed a motion to dismiss and a memorandum in support for lack of jurisdiction pursuant to the doctrine of res judicata. The Court, William R. Wilson Jr, granted defendants motion to dismiss on 12/8/

Plaintiff assert that Judge Wilson knowingly recognized the truth of certain facts in Case No. LR-C-9 without bothering to make the opposing party put them in evidence and applied an incorrect standard in dismissing Case No. LR-C-96-60, thereby paving the way in considering the second complaint Case No. C-97-967 to err under the doctrine of res judicata.

Plaintiff alleges that attorney Carpenter knowingly represented misleading facts and misleading argument that he presented to the Court to defend against Case No. LR-C-96-60 and Case No. LR-C-97-967 th he intentionally knew was frivolous, which includes dishonesty toward the tribunal, State of Arkansas or the United States of America, and not for a proper purpose.

Plaintiff alleges that Carpenter and Judge Wilson refused to disclose statements that they reasonably believed to be directly adverse to the position of the City's defendants and police officers, thereby conspiring deprive plaintiff of his constitutional rights by covering up the police officers misconduct. More specifi both defendants denied the transcripts of the States Suppression hearing that were in the City's possession at the time of plaintiff's request to violate plaintiff's constitutional rights.

Plaintiff alleges that both defendants either ignored or dismissed documentation and other evidence pro or requested by plaintiff that refutes the City defendants statement of undisputed facts and of Judge Wilson findings and    Judge Wilson applied the wrong legal standard in deciding case No. LR-C-96-60. See Canon 2.

Plaintiff alleges that there has been a lack of information among the cases and a deliberate desire not t have all the facts of the incident that occurred on December 23, 1994, in order to not adjudicate plaintiff's Fourth Amendment made applicable through the States by the Fourteenth Amendment  to be free of unrease search and seizure, false arrest, and excessive force.

Plaintiff alleges that Judge Wilson abrogated his duty to follow the law and his rulings and statem have created an appearance problem that would raise questions about his impartiality.

## Violations Alleged

The acts and omissions of defendants alleged in paragraph 1 through 27 constitute patterns or practices of resistance to the full enjoyment of rights, privileges or immunities secured or protected by Constitution of the United States and deprives plaintiff of such rights, privileges or immuniti

Unless restrained by this Court, because plaintiff is black and none of the defendants are defendants will continue to engage in the conduct and practices set forth in paragraph 1 through 27 al that deprives plaintiff without due process of such privileges or immunities secured or protec by the Constitution of the United States, and causes mental distress and irreparable harm to plaintiff.

## Jurisdiction

Jurisdiction is founded on 28 U.S.C. § 1331 and 1334.

## Prayer for Relief

Wherefore, plaintiff prays that the Court grant the relief requested in the relief section of the complaint on page 4 and any and all other relief this court deem appropriate.

Respectfully Submitted

Ray Higgins ADC# 78620

Ray Higgins BKS.#14

East Arkansas Regional Unit

P.O. Box 180

Brickeys AR. 72320-01:

## Certificate of Service

I, Ray Antwane Higgins, do hereby certify that one originals and three copies of the 1983 civil rights complaint was mailed to Mr. James McCormack, Clerk of the Court, U.S. District Court, Room 402, 600 West Capitol, Little Rock, Arkansas, 72201, doing so on this 13 day of January    , 2000.

/s/ Ray Higgins ADC

Ray Higgins

In The United States District Court
Eastern District of Arkansas

Ray Antwone Higgins                                    Plaintiff

U.S. Dist. of Jr. Hon. William J. Wilson, Jr.,         Defendants
Addition of the City Attorney Thomas M. Carpenter

<u>Affidavit / Of Indigent</u>

State of Arkansas
County of <u>Lee</u>

   I, Ray Antwone Higgins, am unable to pay the filing fees and court costs
associated therein or give security therefor. I have no income and the spouse's income,
own other property in a checking account, no dependents, and for the last six months
less than $15.00 deposited in my inmate account. I verify that the statements made in
this affidavit are true and correct.

                                   Respectfully Submitted
                                   Ray Antwone Higgins  Doc #78620
                                   Ray Higgins  Brk # 14
                                   East Arkansas Regional Unit
                                   P. Box 180
                                   Brickeys, AR 72320-0180

<u>Certificate Of Service</u>
   I, Ray Antwone Higgins, pro se, hereby certify that one original and two copies of the
foregoing mailed to Hon. James McCormack, Clerk, US District Court, Room 402, 600 West
Capitol L.R. AK 72201, being sent on this 13 day of <u>January</u> 2000.

                                   /s/ Ray Higgins  Doc #78620
                                   Ray Higgins